IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| NATHANIEL JEFFRIES, | ) |
| | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) Case No. 22-cv-2853-RJD |
| vs. | ) |
| | ) |
| PENN-STAR INSURANCE CO., MIXON | ) |
| INSURANCE AGENCY, HUDLEN AND | ) |
| CO. INSURANCE, | ) |
| | ) |
| **Defendants.** | ) |

## REPORT AND RECOMMENDATION

**DALY, Magistrate Judge:**

This matter comes before the Court on an Order to Show Cause (Doc. 21) and Motion to Dismiss for Lack of Prosecution (Doc. 24). This case was assigned to the undersigned Magistrate Judge pursuant to Administrative Order 257. Two Defendants never appeared and therefore did not have the opportunity to consent to magistrate judge jurisdiction. Accordingly, the undersigned issues this Report and Recommendation for consideration by a District Judge. As explained further, it is RECOMMENDED that this case be DISMISSED WITH PREJUDICE for Plaintiff's failure to prosecute.

## FINDINGS OF FACT

Plaintiff originally filed this suit in the Circuit Court of St. Clair County, Illinois in December 2021. Doc. 1-1. Plaintiff claims that Defendants failed to pay for a fire loss to his property and alleges that they are liable to him for breach of contract and their vexatious refusal to pay pursuant to Section 155 of the Illinois Insurance Code. *Id*. The property in question was insured for $200,000.00 and Plaintiff alleged that it was destroyed in a fire. *Id*., ¶8; Doc. 1-5.

Defendant Penn Star Insurance Company ("Penn Star") was served on November 7, 2022.

Doc. 1, ¶21. Penn Star removed the case to this Court on the basis of diversity jurisdiction. Plaintiff is a citizen of Illinois (Doc. 1-1, ¶1) and Penn Star's principal place of business and state of incorporation is Pennsylvania (Doc. 1-2). Defendant Mixon Insurance Agency was registered under a fictitious name in the State of Missouri, but its registration expired effective 1/15/2015. Doc. 1-3. Defendant Hudlin and Company was registered under a fictitious name in September 1996. Doc. 1-4.

Plaintiff never objected to Penn Star's removal to this Court. On January 18, 2023, the Court entered the two following Orders:

> ORDER: Plaintiff filed his Complaint in the Circuit Court of St. Clair County, Illinois on December 20, 2021. A review of the record indicates that Defendants Mixon Insurance Agency (Mixon) and Hudlin & Co. Insurance (Hudlin) were never served. The Notice of Removal by Defendant Penn-Star Insurance Company indicates that Defendants Mixon and Hudlin are/were fictitious entities. On or before February 8, 2023, Plaintiff shall either file a motion to voluntarily dismiss Defendants Mixon and Hudlin pursuant to Federal Rule of Civil Procedure 41(a) OR serve them and file the executed summons. Plaintiff is warned that his failure to comply with this Order may result in the involuntary dismissal of his claims against Defendants Hudlin and Mixon for failure to prosecute pursuant to Federal Rule of Civil Procedure 4(m).

> ORDER: Effective December 1, 2022, all parties (even individuals) must file a Disclosure Statement pursuant to Federal Rule of Civil Procedure 7.1(a)(2). This Court has made a Rule 7.1 disclosure statement form available on its website. On or before January 25, 2023, Plaintiff shall prepare and file the disclosure statement.

Plaintiff did not comply with either Order. On February 14, 2023, the Court entered the following Order:

> ORDER TO SHOW CAUSE: On or before **2/21/2023**, Plaintiff SHALL SHOW CAUSE why he should not be sanctioned for his failure to follow the orders entered on January 18, 2023 (Docs. 18 and 19). Plaintiff is warned that his failure to comply with this order may result in this case being dismissed with prejudice.

Plaintiff did not comply with the Show Cause Order. On October 16, 2023, Plaintiff's

counsel requested a Summons for Defendant Hudlin and Co. On October 18, 2023, Defendant Penn Star filed a Motion to Dismiss for Lack of Prosecution. Doc. 24. Plaintiff never responded and has taken no further action in this case.

## CONCLUSIONS OF LAW

The undersigned is satisfied that this Court has subject matter jurisdiction to determine Plaintiff's case. 28 U.S.C. §1332(a)(1). Plaintiff and Defendant Penn Star are citizens of different states. The citizenship of the remaining Defendants (Mixon Insurance Agency and Hudlin and Company) is disregarded because they were sued under fictitious names. 28 U.S.C. §1441(b). Though Plaintiff sought "less than $75,000.00" in his Complaint, Defendant provided adequate evidence indicating that the destroyed property in question was insured for up to $200,000.00. It is therefore plausible that the amount in controversy exceeds $75,000.00. *Sabrina Roppo v. Travelers Commercial Ins. Co.*, 869 F.3d 568, 579 (7th Cir. 2017).

This Court has the "inherent authority to dismiss a case *sua sponte* for a plaintiff's failure to prosecute." *O'Rourke Bros. Inc. v. Nesbitt Burns, Inc.*, 201 F.3d 948, 952 (7th Cir. 2000). Plaintiff failed to comply (or even attempt to comply) with three orders by the undersigned, despite being warned that the case could be dismissed with prejudice. Plaintiff raised no objection to Penn Star's Motion to Dismiss for Lack of Prosecution, nor has he made any other effort to advance this case. Accordingly, the undersigned RECOMMENDS that this case be DISMISSED WITH PREJUDICE for Plaintiff's failure to prosecute.

Pursuant to 28 U.S.C. §636(b)(1) and SDIL-LR 73.1(b), the parties shall have (14) days after service of this Report and Recommendation to file any written objection(s). Generally, the failure to file a timely objection *may* result in the waiver of the right to challenge a Report and Recommendation before either the District Court or the Court of Appeals. *See, e.g., Snyder v. Nolen*, 380 F.3d 279, 284 (7th Cir. 2004).

The Clerk of Court is **DIRECTED** to assign a District Judge for consideration of the undersigned's Report and Recommendation.

**IT IS SO ORDERED.**

**Dated: August 13, 2024**

*s/ Reona J. Daly*
**Hon. Reona J. Daly**
**United States Magistrate Judge**