IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| NATHANIEL JEFFRIES,<br><br>    Plaintiff,<br><br>v.<br><br>PENN-STAR INSURANCE COMPANY,<br>MIXON INSURANCE AGENCY, and<br>HUDLEN AND COMPANY<br>INSURANCE,<br><br>    Defendants. | Case No. 3:22-CV-2853-RJD-NJR |

# ORDER ADOPTING REPORT AND RECOMMENDATION

**ROSENSTENGEL, Chief Judge:**

Pending before the Court is the Report and Recommendation of Magistrate Judge Reona J. Daly (Doc. 25), which recommends that the undersigned Chief District Judge grant the motion to dismiss filed by Defendant Penn-Star Insurance Company ("Penn-Star") (Doc. 24) and dismiss this matter with prejudice due to Plaintiff Nathaniel Jeffries's failure to prosecute.

Penn-Star removed this action to federal court on December 7, 2022, on the basis of diversity jurisdiction. (Doc. 1). Defendants Mixon Insurance Agency ("Mixon") and Hudlen and Company Insurance ("Hudlen"), however, were never served with the complaint. (*See* Doc. 18). Judge Daly entered an order on January 18, 2023, giving Jeffries until February 8, 2023, to either serve Mixon and Hudlen or file a motion to voluntarily dismiss them. (Doc. 18). Judge Daly also ordered Jeffries to file his disclosure statement pursuant to Rule 7.1 of the Federal Rules of Civil Procedure. (*Id.*).

Jeffries failed to comply with either order. On February 14, 2023, Judge Daly entered an Order to Show Cause why Jeffries should not be sanctioned for his failure to follow the Court's orders. On October 16, 2023, counsel for Jeffries requested summons for Defendant Hudlen, which was issued by the Clerk of Court that same day. (Docs. 22, 23). On October 18, 2023, Defendant Penn-Star filed its Motion to Dismiss for Lack of Prosecution. (Doc. 24). Jeffries never responded to the motion, did not file a return of service as to Hudlen, and has taken no further action in this case.

On August 13, 2024, Judge Daly issued the instant Report and Recommendation, in which she concludes that this case should be dismissed with prejudice under Rule 41(b) for failure to prosecute. No party filed any objection to the Report and Recommendation. Where no party objects, this Court need only review a Report and Recommendation for clear error. *Johnson v. Zema Systems Corp.*, 170 F.3d 734, 739 (7th Cir. 1999). The Court may then "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1).

Finding no clear error, the Court **ADOPTS** Judge Daly's Report and Recommendation in its entirety (Doc. 25) and **GRANTS** Penn-Star's Motion to Dismiss for Lack of Prosecution (Doc. 24). This action is **DISMISSED with prejudice**. The Clerk of Court is **DIRECTED** to enter judgment accordingly.

IT IS SO ORDERED.

DATED:   September 30, 2024

_____
**NANCY J. ROSENSTENGEL**
**Chief U.S. District Judge**